## W. E. BARNES v. STATE.

No. A-5089. Opinion Filed Oct. 30, 1925.
Rehearing Denied Nov. 28, 1925.
(240 Pac. 758.)

Morris & Tant, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J. From a conviction of manslaughter in the first degree in the district court of Comanche county, the plaintiff in error, hereinafter called defendant, has appealed.

Although the brief for the defendant in this case was filed long out of time, the court has, nevertheless, considered it. Two assignments of error are relied upon for a reversal. First: That the court erred in admitting incompetent evidence, prejudicial to the defendant. This assignment relates to the evidence of the wife of the deceased to the effect that on the night of the homicide, several hours preceding the homicide, a car drove near the residence of the deceased, and some persons with the car apparently left something there, and that the deceased went to this spot and conveyed some intoxicating liquor to or near the home of the deceased. The theory of the state is apparently that this liquor was deposited there by the defendant. It was offered as tending to show a motive for the killing of deceased. The connection of the defendant was not sufficiently established, and on motion the court struck this evidence.

It is held, that, where incompetent prejudicial evidence is admitted, the error is not cured by the subsequent action of the court in striking such testimony from the record, since a juror is not ordinarily capable of disregarding or putting aside an erroneous impression induced by incompetent evidence. Here, however, the evidence is incompetent only by reason of an insufficient showing to identify the defendant as the person near the house of deceased earlier in the night at the time of the homicide, and it appears to us that if this connection is lacking the evidence would not prejudice the jury against the defendant. Other items of evidence are also complained of, but where objections were interposed they were sustained, and no substantial error upon this assignment is apparent.

The second assignment that the evidence is not suffi-

cient to support the verdict, we think, is also untenable. The record discloses that the deceased, Manuel Lee, with his wife and small child, lived a short distance out of the town of Lawton. During the night of the 24th of May, the defendant, in an automobile, went to the residence of deceased and called. The deceased took a shotgun in his hand and went out of the house, where he was shot and killed. No dying statement was made and the motive for the killing is not clear. We are left to infer that the deceased and defendant were engaged in handling intoxicating liquor and the killing grew out of some difference between them over that traffic. The defendant did not take the stand. There is no merit in the appeal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.